**No. 25-1516**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

---

**ICONIC MARS CORPORATION**

***Plaintiff-Appellant*,**

**STEPHEN M. LOBBIN, OLUSEYI JAMES OLALEYE**

***Sanctioned Parties-Appellants*,**

**v.**

**KAOTICA CORP.,**

***Defendant-Appellee.***

---

Appeal from the United States District Court Southern District of California, No. 3:22-cv-00092-CAB-DEB
The Honorable Cathy Ann Bencivengo

---

# APPELLEE KAOTICA CORP.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE CORRECTED APPENDIX

---


Kristin M. Adams
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
(404) 815-6138
kmadams@ktslaw.com

Dario A. Machleidt
Kathleen R. Geyer
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600
dmachleidt@ktslaw.com
kgeyer@ktslaw.com

*Counsel for Kaotica Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-1516

**Short Case Caption** Iconic Mars Corporation v. Kaotica Corp.

**Filing Party/Entity** Kaotica Corp.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/30/2026

Signature: /s/ Kathleen R. Geyer

Name: Kathleen R. Geyer

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
| --- | --- | --- |
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Kaotica Corporation | Kaotica IP Corp. | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| X. Diego Wu Min (Kilpatrick) | | |
| Matthew J. Meyer (Kilpatrick) | | |
| James J. Maune | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Appellants condition their non-opposition to Appellee's motion on the "parties shar[ing] equally the Appendix costs[.]" D.E. 40 at 3. Appellants' base this condition solely on the "size and number of pages in the final Appendix." *Id.* This Court should reject this request.

Federal Rule of Appellate Procedure 30(b)(2) states that, "[u]nless the parties agree otherwise, the appellant must pay the cost of the appendix." Until Appellants' November 1, 2026 filing, they never raised with Appellee the prospect of deviating from the general rule that the appellant pay the cost to prepare the appendix. In other words, there is no agreement among the parties to split the cost of the appendix.

Federal Rule of Appellate Procedure 30(b)(2) also provides that, where an "appellant considers parts of the record designated by the appellee to be unnecessary, the appellant may advise the appellee, who must then advance the cost of including those parts." Neither in their responsive filing nor in correspondence with Appellee did Appellants contend that any "parts of the record designated by" Appellee were "unnecessary." Thus, cost-sharing under this part of the rule is also inapplicable.

The parties do not dispute that Exhibit 1 to Appellee's motion (D.E. 36-1) is the correct and complete Appendix. In contrast, Appellants' prior filing of the appendix at D.E. 34 and 35 was incomplete. Accordingly, the Court should enter and adopt Appellee's Exhibit (D.E. 36-2 and 36-3) as the Appendix in this appeal, with costs to be borne by Appellants.

Dated: November 4, 2026.

Respectfully submitted,

s/*Dario A. Machleidt*
Dario A. Machleidt
Kathleen R. Geyer
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600
dmachleidt@ktslaw.com
kgeyer@ktslaw.com

Kristin M. Adams
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
(404) 815-6138
kmadams@ktslaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This filing complies with the type-volume limitation of Cir. R. 27-1(1)(d) because it contains 2 pages, excluding those materials exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Century Schoolbook 14-point font using Microsoft Word 365.

DATED: November 4, 2026.

s/*Dario A. Machleidt*
Dario A. Machleidt